1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

9

JAN ROE, a single woman,

No.

10

Plaintiff,

COMPLAINT FOR QUIET TITLE

v.

11
12
13
14
15

DEUTSCHE BANK NATIONAL TRUST
COMPANY, N.A., a New York
corporation, as Trustee for ARGENT
SECURITIES ASSET BACKED PASS
THROUGH CERTIFICATES, SERIES
2006-W3, INC., a Delaware corporation,
and PHH MORTGAGE CORPORATION,
a New Jersey corporation, d/b/a PHH
MORTGAGE COMPANY,

Defendant/s.

16
17

COMES NOW the PLAINTIFF Jan Roe and for cause of action against the Defendants

18

alleges as follows:

19

**I.     Background**

20

1.1     Plaintiff is a resident of Lewis County Washington.

21

1.2     Plaintiff is not married.

22

1.3     Plaintiff is seeking to quiet title against foreign defendants for the real property

23

described below.

**Fife Law, P.S.**
1101 9th Ave., Unit B
Milton, WA  98354
206-280-0079

1        1.4     Plaintiff is the owner in fee simple of real property as legally described by

2 special warranty and/or quitclaim deed(s) recorded on 2/2/06 under Lewis County Auditor

3 Recording No. 3243511.

4        1.5     The above-mentioned real property described in Lewis County Auditor

5 Recording No. 3243511 is located at 120 Trevor Lane, Chehalis, Washington in Lewis County,

6 Washington, and is otherwise also known by its abbreviated legal description as: Lot 8,

7 Jackson View Estates, Division III, as recorded in Volume 7 of Plats, pages 52-54, Lewis

8 County, WA. It shall hereinafter be referred to as the "Property."

9        1.6     The Property is the separate and exclusive property of the Plaintiff.

10       1.7     Defendants claim that the Property at issue is encumbered by a deed of trust,

11 ("DOT"), securing a $194,750 loan.

12       1.8     None of the Defendants is a resident of Washington state, a Washington

13 corporate entity, or maintains a principal place of business in Washington state.

14       1.9     Each of the Defendants claims it has an interest in, or a right derived from, the

15 DOT.

16       1.10    The object of litigation exceeds the amount in controversy threshold for U.S.

17 District Court jurisdiction and otherwise meets the requirements for U.S. District Court

18 diversity jurisdiction under 11 U.S.C 1332(a) based on the Washington residency of Plaintiff

19 and the foreign residencies of all Defendants.

20       1.11    In addition, the object of the litigation is Property of a bankruptcy Debtor

21 (Plaintiff) that is currently her property and was her property upon the commencement of her

22 previous bankruptcy case, (W.D. of Wa. Bnkr. Case No. 10-50138-PBS).  Therefore, the U.S.

23 District Court has original jurisdiction over the subject matter in accordance with 28 U.S.C.

**Fife Law, P.S.**
1101 9th Ave., Unit B
Milton, WA  98354
206-280-0079

1   1334(b) and exclusive jurisdiction over the Property in accordance with 28 U.S.C. 1334(e)(1).

2        1.12    Plaintiff alleges, in part, that her 2011 bankruptcy discharge and the purpose,

3   objective, and effect of 11 U.S.C. 524(a)(2) bar any claims of Defendants to her Property.  As

4   such, the above-captioned action is likely to require findings and conclusions concerning the

5   purpose, objective, and effect of 11 U.S.C. 524(a)(2) upon defenses that may be raised by the

6   Defendants to Plaintiff's quiet title action.

7   II.   **Chain of Title**

8        2.1    On, or around, 2/2/06, Plaintiff conveyed a deed of trust, ("DOT"), on the

9   Property to Argent Mortgage Company, LLC, a Delaware corporation, ("Argent Mortgage"),

10  to secure payment of a promissory note in the amount of $194,750 to Argent Mortgage.  That

11  DOT was recorded on 2/2/06 under Lewis County Auditor Recording No. 3243512.

12       2.2    On, or around, 8/7/06, Argent Mortgage by its authorized agent, (i.e., non-

13  defendant AMC Mortgage Services, Inc., a Delaware corporation), assigned all of Argent

14  Mortgage's beneficial interest in the DOT to Deutsche Bank National Trust Company, N.A., a

15  New York corporation, ("Deutsche Bank"), as trustee of ARGENT MORTGAGE

16  SECURITIES, INC. ASSET BACKED PASS THROUGH CERTIFICATES, SERIES 2006-

17  W3, INC.[1] That assignment was recorded on 8/7/06 under Lewis County Auditor Recording

18  No. 3258881.

19       2.3    Plaintiff filed for a Chapter 7 Bankruptcy on 12/10/10 in U.S. Bankruptcy Court

20  for the Western District of Washington under cause no. 10-50138-PBS.  Plaintiff listed the

21  Property as an asset in her bankruptcy schedules and Argent Mortgage, Argent Securities,

22

23  ---

[1] No company of that name is listed with the Washington Secretary of State's or the Delaware Secretary of State's office as a resident corporation or a foreign entity authorized to do business in either of those states.

**Fife Law, P.S.**
1101 9th Ave., Unit B
Milton, WA  98354
206-280-0079

1    American Home Mortgage Servicing, Inc,[2] Chicago Title Company, CR Title Services, Inc.,

2    and CSC Corporation Service Co. as creditors holding claims secured by the Property. (See

3    Schedules A and D to the Plaintiffs' bankruptcy petition).

4           2.4     An automatic stay of all judicial or non-judicial foreclosure remedies was

5    created on 12/10/10 upon initiation of the bankruptcy case.

6           2.5     On, or prior to, 1/20/11, Citi Residential Lending Inc, as the claimed attorney-

7    in-fact for Argent Mortgage, executed, but did not record, an assignment of beneficial interest

8    in the DOT to Deutsche Bank.

9           2.6     On, or prior to, 6/3/11, Deutsche Bank assigned its beneficial interest in the

10   DOT to itself in a recorded document naming American Home Mortgage Servicing, Inc.,[3]

11   (hereafter "American Home"), as a claimed attorney-in-fact for the 6/3/11 assignment.  The

12   assignment was recorded under Lewis County Auditor Recording Number 3363489.

13          2.7     Defendants Deutsche Bank, Argent Securities, and/or American Home or

14   companies owned or controlled by them or companies by which Deutsche Bank, American

15   Home, and Argent Securities, themselves, are owned or controlled are still claiming they are

16   the current assignees of interests in, or rights derived from, the DOT.

17          2.8     Additional defendant OCWEN LOAN SERVICING, LLC, a Delaware

18   corporation with no principal place of business in Washington state, ("Ocwen"), claims an

19   interest in, or right(s) derived from, the DOT.

20

21   [2] No company by this exact name is listed on the Washington Secretary of State's website as authorized to
     do business in the state of Washington.
22   [3] No company by this exact name is listed on the Washington Secretary of State's website as authorized to
     do business in the state of Washington, but variations upon this name are listed which are incorporated and
23   have their principal places of business elsewhere, i.e., Maryland, New York, Arizona, Delaware, and
     Montana.

**Fife Law, P.S.**
1101 9th Ave., Unit B
Milton, WA  98354
206-280-0079

1      2.9      Ocwen was, subsequent to allegedly acquiring a right from, or interest in, the

2    DOT, purchased by PHH MORTGAGE CORPORATION, a New Jersey d/b/a PHH

3    MORTGAGE COMPANY, (hereafter "PHH").

4      2.10    PHH has no principal place of business in Washington state,

5      2.11    PHH claims to be the successor or assignee of any interests or rights claimed by

6    Ocwen in the DOT.

7      2.12    If any of Argent Mortgage's beneficiary rights under the DOT have not been

8    assigned to Deutsche Bank, American Home, Ocwen, or PHH, then Argent Securities is still the

9    beneficiary of the DOT.

10      2.13    In that bankruptcy case, an authorized representative of American Home

11    testified, on 2/9/11, that American Home was holding, on behalf of Deutsche Bank as trustee

12    for Argent Securities, the DOT and the promissory note secured by the DOT and that no

13    payments had been made on the promissory note since June 30, 2006.

14      2.14    On 3/23/11, Plaintiff was granted a discharge under Section 727 of title 11 of

15    the United States Code, (i.e., under Chapter 7 of the U.S. Bankruptcy Code).

16      2.15    Any stay as to any Plaintiff property otherwise protected under 11 U.S.C.

17    section 362(a)(5), terminated, as a matter of law, when the Plaintiff received his/her/its

18    discharge on 3/23/11.  See 11 U.S.C. 362(c)(2)(C) and *In re. Tripe*, 2010 WL 6259972 at *5

19    (9th Cir., BAP 12/6/10).

20      2.16    In addition, a written order for relief from the stay was granted by the

21    bankruptcy court upon Deutsche Bank's motion on 5/9/11 in accordance with 11 U.S.C.

22    362(c)(1).

23      2.17    The Plaintiffs have made no payments on the promissory note since prior to the

**Fife Law, P.S.**
1101 9th Ave., Unit B
Milton, WA  98354
206-280-0079

1  Plaintiffs bankruptcy filing.

2      2.18    On, or around, 5/1/19, Ocwen or PHH, along with Deutsche Bank and Argent

3  Securities, initiated, but did not complete, a non-judicial foreclosure action against the Property

4  by filing a notice of trustee sale.  That notice was recorded under Lewis County Auditor

5  Recording No. 3501481.

6      2.19    Under Washington law, deeds of trust securing the obligations of promissory

7  notes are subject to a six-year statute of limitations.  RCW 4.16.040.

8      2.20    The statute of limitations for a foreclosure action based on a deed of trust

9  commences when a party has a right to seek relief.

10      2.21    No relief but foreclosure was available to the Defendants as of the 3/23/11

11  discharge date of Plaintiff's bankruptcy because all obligations under the promissory note were

12  discharged.

13      2.22    The foreclosure statute of limitation for the Property commenced, by operation

14  of law and as a result of the bankruptcy code, as of the date of the last missed pre bankruptcy

15  petition payment on the note or, at the latest, upon the date of the 3/23/11 bankruptcy

16  discharge.

17      2.23    More than six years have elapsed since the promissory note's debts, obligations,

18  and / or installment payments secured by the DOT were discharged through Plaintiff's

19  bankruptcy case.

20      2.24    If an action to foreclose on a deed of trust is barred by the statute of limitations,

21  then RCW 7.28.300 authorizes the record owner to bring a quiet title action to clear the deed of

22  trust.

23      2.25    Any conflict between State and federal (bankruptcy) law concerning when the

**Fife Law, P.S.**
1101 9th Ave., Unit B
Milton, WA  98354
206-280-0079

1  statute of limitations commenced by operation of law concerning the Defendants' right to

2  foreclose must be resolved, under the Supremacy Clause, in favor of federal law if that is

3  necessary to fulfill the purpose and objectives of the bankruptcy code.

4      2.26    The statute of limitations to commence a foreclosure action under state law

5  must be deemed to have commenced as of the 3/23/11 bankruptcy discharge date to fulfill the

6  purpose and objectives of the bankruptcy code.

7      2.27    No judicial or nonjudicial foreclosure action was commenced by the Defendants

8  within the six-year period following the discharge of the bankruptcy.

9      2.28    Plaintiff is entitled to quiet title against all of the Defendants under RCW

10  7.28.300.

11          **III.    Non-Resident Defendants - Diversity Jurisdiction**

12      3.1    At all times related to the allegations at issue in the above-captioned lawsuit,

13  Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, ("Deutsche Bank"), is/was

14  a National Banking Association which does / did business in Washington state, but is / was

15  incorporated, and has / had its principal place of business, in the State of New York.

16      3.2    At all times relevant to the allegations at issue in the above-captioned lawsuit,

17  Defendant ARGENT MORTGAGE COMPANY, LLC, ("Argent Mortgage"), is/was a limited

18  liability company incorporated in Delaware with its principal place of business in a State other

19  than the State of Washington, but Argent Mortgage does / did business in Washington State.

20      3.3    At all times relevant to the allegations at issue in the above-captioned lawsuit,

21  Defendant ARGENT SECURITIES ASSET BACKED PASS THROUGH CERTIFICATES,

22  SERIES 2006-W3, INC., aka ARGENT MORTGAGE SECURITIES, INC, (hereafter referred

23  to singly or collectively as "Argent Securities"), is/was a Delaware corporation with its

**Fife Law, P.S.**
1101 9th Ave., Unit B
Milton, WA  98354
206-280-0079

principal place of business in a State other than the State of Washington, but Argent Securities does / did business in Washington state.

3.4     ARGENT SECURITIES was acting as an authorized agent of Argent Mortgage at all times relevant to the allegations at issue in the above-captioned matter.

3.5     Non-defendant AMC Mortgage Services, Inc, was acting as an authorized agent of Argent Mortgage at all times relevant to the allegations at issue in the above-captioned matter.

3.6     At all times relevant to the allegations at issue in the above-captioned lawsuit, Defendant OCWEN LOAN SERVICING, LLC is/was a Delaware limited liability company without a principal place of business within Washington state, but it does / did business in Washington state.

3.7     PHH MORTGAGE CORPORATION, (hereinafter "PHH), is a New Jersey corporation without a principal place of business within Washington stated, but it does / did business in Washington state.

3.8     PHH is the successor to any claim of interest or authority Ocwen has, or had, regarding Plaintiff's Property or the promissory note and DOT at issue.

3.9     PHH is the assignee of any claim of interest, right, or authority Ocwen has/had regarding Plaintiff's Property or the DOT.

3.10    At all times relevant to the allegations at issue in the above-captioned lawsuit, Defendant AMERICAN HOME MORTGAGE SERVICING, INC., ("American Home"), is/was a corporate entity not incorporated in Washington state and had no principal place of

QUIET TITLE COMPLAINT
Page **8** of **10**

**Fife Law, P.S.**
1101 9th Ave., Unit B
Milton, WA  98354
206-280-0079

business within Washington State.[4]

3.11    Each of the defendants claims an interest in, or right derived from, the Property that will be affected by the Plaintiff's quiet title claims in the above-captioned matter.

**3.12**    The United States District Court for the Western District of Washington is the proper venue, and has subject matter jurisdiction over, the above-captioned matter because the Plaintiff is a resident of the State of Washington, the Property is within Lewis County, Washington, none of the Defendants are Washington residents, and the amount, or value, of the issues / items in controversy is greater than $75,000.

## IV.  Attorneys Fees

4.1    Plaintiff is entitled to an award of reasonable costs and attorney's fees in accordance with RCW 4.84.030 and/or RCW 4.84.150.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1.    Judgment that Plaintiff owns the Property in fee simple absolute as against the Defendants.

2.    Judgment that all persons claiming under the Defendants shall have no estate, right, title, lien, or interest in or to the Property, or any part thereof, and that title to the Property be quieted to the Plaintiff against all claims of Defendants and all persons claiming under Defendants;

3.    Judgment extinguishing any current action by the Defendants which seeks to alter, enlarge, renew, or create any ownership or other interests of the Defendants in the

---

[4] No company by this exact name is listed on the Washington Secretary of State's website as authorized to do business in the state of Washington, but variations upon this name are listed which are incorporated and have principal places of business elsewhere, i.e., Maryland, New York, Arizona, Delaware, and Montana.

QUIET TITLE COMPLAINT
Page **9** of 10

**Fife Law, P.S.**
1101 9th Ave., Unit B
Milton, WA  98354
206-280-0079

Property;

4.    Judgment voiding any beneficiary interests or powers of sale claimed by the

Defendants in the DOT and / or any lien derived therefrom or appearing to be derived

therefrom.

5.    Judgment against Defendants for costs and attorneys fees pursuant to RCW

4.84.030 and/or 4.84.150 and any other remaining right Plaintiff has to costs and fees; and

6.    For such other and further relief as the Court deems just and equitable.

DATED this 3rd day of MAY, 2024.


By:    /s/ F. Hunter MacDonald_____ ____
       F. HUNTER MACDONALD, WSBA #22857
       of Plaintiff's Attorneys

       FIFE LAW, P.S.
       1101 9th Ave., Unit B
       Milton, WA  98354

QUIET TITLE COMPLAINT
Page **10** of **10**

**Fife Law, P.S.**
1101 9th Ave., Unit B
Milton, WA  98354
206-280-0079