UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
TACOMA COURTHOUSE

| | |
|---|---|
| JAN ROE, a single woman, | No. 3:24-cv-05338 TMC |
| Plaintiff, | JOINT STATUS REPORT |
| v. | CERTIFICATE OF SERVICE |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, N.A. as Trustee for ARGENT SECURITIES ASSET BACKED PASS THROUGH CERTIFICATES, SERIES 2006-W3, Inc., a Delaware corporation, and PHH MORTGAGE CORPORATION, a New Jersey corporation, d/b/a PHH MORTGAGE COMPANY | |
| Defendant/s. | |

JOINT STATUS REPORT

The claims and defenses at issue in the above-captioned case concern Plaintiff's quiet title petition to extinguish the claims and interests of Defendants in real property known as 120 Trevor Lane in Chehalis, Lewis County, Washington.

The parties, in accordance with FRCP 26(f)(2)'s requirement to confer and submit to the Court a written status report, have met and conferred regarding their FRCP 26(a) disclosures, the nature and basis of their claims and defenses, the possibilities for promptly settling or resolving the case, and their efforts in making or arranging for the disclosures required by Rule 26(a)(1).  In

JOINT STATUS REPORT
Page **1** of **7**

**Fife Law, P.S.**
1101 9th Avenue, Unit B
Milton, Washington  98354
Tel: (206) 280-0079

addition, the parties have discussed issues about preserving discoverable information and developing a proposed discovery plan.

The parties, in connection with that conference, represent that:

**Discovery Plan - Preservation of Electronically Stored Information**

Plaintiff has provided a list of documents, in its initial FRCP 26(a) disclosures, that it intends to offer in support of its claims, (all of which the Defendants already have). Neither Plaintiff nor Defendants believe trial is likely because the quiet title claims of Plaintiff are legal in nature and the dates and nature of the events and documents upon which a legal determination would be based are filed with the Bankruptcy Court for the United States District Court for the Western District of Washington and the Lewis County, Washington, Auditor's Office.  Therefore, no discovery in this matter is necessary, unless one or the other of the parties wishes to depose the records custodians, which is unlikely.  The above-mentioned documents are contained in an Index attached to this Joint Status Report.

**Stipulations, Objections, and Initial FRCP 26(a) Disclosures**

Computation of Damages - Each party has provided a computation of damages, if any are claimed, in their initial FRCP 26(a) disclosures.

Insurance Agreements - None of the parties plan to call an expert witness and no party is aware of any insurance agreement that might cover any damages claimed by any other party.

Plaintiff's Disclosures of Evidence and Witnesses - Plaintiff has provided a description by category and location of all documents, electronically stored information, and tangible things that she has in her possession, custody, or control which she may use to support her claims or defenses, unless the use would be solely for impeachment.

Plaintiff has provided the name and address and telephone number of individuals, including

JOINT STATUS REPORT
Page **2** of **7**

**Fife Law, P.S.**
1101 9th Avenue, Unit B
Milton, Washington  98354
Tel: (206) 280-0079

custodians of the documents, electronically stored information, and tangible things she has in her possession custody, or control, which she may use to support her claims or defenses, unless the use would be solely for impeachment.

<u>Defendants' Disclosures of Evidence and Plaintiff's Objections to Them</u> - Plaintiff has requested that the Defendants provide, but the Defendants have not agreed to provide, a description by category and location of, the following items listed in Defendants' initial FRCP 26(a) disclosures:

 a. "PHH MC's transaction history, communication logs to which employees of PHH contributed,"
 b. "PHH MC's loan servicing file, including images[,] loan documents, correspondence, property records, and other documents related to the subject loan,"
 c. the "correspondence with F. Hunter MacDonald concerning the merits of Plaintiff's claims and [the] Defendants' intent to mo[ve] the Court for Sanctions," and
 d. "[Plaintiff's Attorney's] complete litigation file related to this case."

Defendants' position is that it has served its First Supplemental Initial Disclosures on Plaintiff on September 19, 2024 and that the Supplemental Initial Disclosures are fully compliant with Rule 26(a). Defendants have not waived their response(s) to any objections that Plaintiff may have to any of Defendant's or Plaintiff's evidence.

<u>Plaintiff's Objection to Defense Evidence Not Properly Described, under FRCP 26(a)</u> - Plaintiff will object to the admission or use of any item for which no description by category and location was given in Defendants' initial FRCP 26(a) disclosures and for whom no name, address, and telephone number were given for its records custodian or alleged maker or speaker.

Defendants intend to address Plaintiff's objections when they are actually made and reserve their right to do so at that time. Further, Defendants have not waived their response(s) to any

JOINT STATUS REPORT
Page **3** of **7**

**Fife Law, P.S.**
1101 9th Avenue, Unit B
Milton, Washington  98354
Tel: (206) 280-0079

objections that Plaintiff may have to any of Defendant's or Plaintiff's evidence.

<u>Plaintiff's Privilege Objections</u> - Plaintiff has represented to Defendants that she will object, on the basis of work product and attorney-client privilege, to use of, or requests for, her attorney's "correspondence" or a "complete litigation file related to this case" which Defendants' FRCP 26(a) disclosure states Defendants intend to utilize to prove Defendants' claims or defenses.

Defendants' will address Plaintiff's objections when they are actually made and reserve their right to do so at that time. Further, Defendants have not waived their response(s) to any objections that Plaintiff may have to any of Defendant's or Plaintiff's evidence.

## **Rulings to Be Sought from the Court**

The parties will seek rulings from the court within 28 days from the filing of this joint status report if the Defendants' FRCP 26(a) disclosures are not amended and / or Plaintiff's objections are not, in the interim, resolved by the parties.

DATED this 19th day of SEPTEMBER, 2024.

By: **/s/ F. Hunter MacDonald**
F. HUNTER MACDONALD, WSBA #22857
Attorney for Plaintiff

**/s/ Spencer Rossini**
SPENCER ROSSINI, WSBA #57716
Attorney for Defendants

Certificate of Service

I certify that a copy of the above pleading has been served on all counsel of record via the ECF / CM Case Management System of the U.S. District Court for Western Washington on the same

**Fife Law, P.S.**
1101 9th Avenue, Unit B
Milton, Washington 98354
Tel: (206) 280-0079

1 | day as the above-pleading was filed.

2 | Dated this __19th__ day of **September, 2024**.

3

4 |       /s/ F. Hunter MacDonald
F. Hunter MacDonald, WSBA No. 22857
Attorney for Plaintiff

JOINT STATUS REPORT
Page **5** of **7**

**Fife Law, P.S.**
1101 9th Avenue, Unit B
Milton, Washington 98354
Tel: (206) 280-0079

# INDEX
## of
## Plaintiff's Initial FRCP 26(a) Disclosures

Documents filed in *In re. Jan Roe*, Western Washington Bankruptcy Court Case No. 10-50138-PBS:

1. 1/17/06 Promissory Note for Purchase of 120 Trevor Lane, Chehalis, Lewis County, Washington.[1]

2. 2/02/06 Deed of Trust regarding 120 Trevor Lane, Chehalis, Lewis County, Washington.[2]

3. 2/2/06 special warranty and/or quitclaim deed(s) for 120 Trevor Lane, Chehalis, Lewis County, Washington from prior title-holders to Plaintiff, recorded under Lewis County Auditor Recording No. 3243511.[3]

4. 12/10/10 Plaintiff's Chapter 7 Petition.

5. 12/10/10 Plaintiff's Chapter 7 Master Mailing List.

6. 01/10/11 Plaintiff's Chapter 7 Bankruptcy Schedule A listing Plaintiff's Real Property as Security for Defendants' Assignors/Predecessors in Interest.

7. 01/10/11 Plaintiff's Chapter 7 Bankruptcy Schedule D listing Defendants' Assignors/Predecessors in Interest as Plaintiff's Secured Creditors.

8. 02/09/11 Defendants' Motion for Relief from Bankruptcy Stay.

9. 03/23/11 Bankruptcy Court Discharge Order.

10. 4/15/11 Defendants' 2nd Declaration in Support of Relief from Automatic Bankruptcy Stay, specifically as to their representation that Exhibit 4 to the Declaration is a true and accurate representation regarding Plaintiff's loan payment history.

11. 5/09/11 Bankruptcy Court Order Terminating Automatic Stay.

Documents filed with the Lewis County, Washington Auditor's Office:

1. 5/01/19 Notice of Trustee's Sale for 120 Trevor Lane, Chehalis, Lewis County,

---

[1] Also filed with the Lewis County, Washington Auditor's Office.
[2] *Id.*
[3] *Id.*

JOINT STATUS REPORT
Page **6** of **7**

**Fife Law, P.S.**
1101 9th Avenue, Unit B
Milton, Washington 98354
Tel: (206) 280-0079

Washington.

2. 9/19/19 Notice of Discontinuance of Trustee's Sale for 120 Trevor Lane, Chehalis, Lewis County, Washington.

Documents provided in initial FRCP 26(a) disclosures that are publicly available and considered matters of public record:

1. 4/24/17 Order granting title to the Plaintiff Jarvis in *Jarvis v Federal Nat's Mort'g Assn*, Case No. C16-5194-RBL, (W.D. of Wa., 2017).

2. 6/14/18 9th Circuit Court of Appeals' opinion affirming the District Court's decision in *Jarvis v Federal Nat's Mort'g Assn*. 9th Circuit Case No. 17-35428 (June 14, 2018).

3. An annotated version of 11 U.S.C. 524 with attached Senate Bill Report 95-989.

JOINT STATUS REPORT
Page **7** of **7**

**Fife Law, P.S.**
1101 9th Avenue, Unit B
Milton, Washington 98354
Tel: (206) 280-0079