Hon. Tiffany M. Cartwright

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAN ROE, a single woman,<br><br>Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, N.A., a New York Corporation, as Trustee for ARGENT SECURITIES ASSET BACKED PASS THROUGH CERTIFICATES, SERIES 2006-W3, INC., a Delaware corporation, and PHH MORTGAGE CORPORATION, a New Jersey corporation, d/b/a PHH MORTGAGE COMPANY,<br><br>Defendants. | Case No.: 3:24-cv-05338<br><br>**DEFENDANTS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS**<br><br>[FRCP 54(d)]<br><br>NOTE ON MOTION CALENDAR:<br>December 6, 2024 |

## I.   INTRODUCTION AND RELIEF REQUESTED

Defendants Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2006-W3 ("Deutsche Bank") and PHH Mortgage Company ("PHH MC") (jointly, "Defendants"), as the prevailing party, and pursuant to Federal Rule of Civil Procedure ("FRCP") 54(d) and Local Civil Rule ("LCR") 54(d)(5), hereby move the Court for an order awarding Defendants its reasonable attorneys' fees it incurred in successfully defending itself from the allegations brought by Plaintiff Jan Roe ("Plaintiff").

Defendants are entitled to an award for its attorneys' fees and costs pursuant to RCW 4.84.330 and the provisions of the Deed of Trust Plaintiff executed.

MOTION FOR ATTORNEYS' FEES AND COSTS- 1

On November 1, 2024, this Court entered an Order Granting Defendants Motion to Dismiss and dismissed this case *with prejudice*. [ECF # 46]. As a result, Defendants have prevailed in this action and, pursuant to the Deed of Trust, they are entitled to recover their attorney's fees and costs from Plaintiff. Defendants bring this motion in order to obtain any needed court approval for recovery of those attorney fees.

## II.  FACTUAL BACKGROUND

On or about January 17, 2006, Plaintiff, as part of a mortgage loan transaction, granted a Deed of Trust ("Deed of Trust") to Argent Mortgage Company, LLC ("Original Lender"), encumbering a parcel of real property commonly known as 120 Trevor Lane, Chehalis, WA 98532 ("Property"). *See* Defendants' Request for Judicial Notice ("RJN") filed concurrently with this Motion, Ex. 1. The Deed of Trust provides that the underlying loan in the amount of $194,750.00. (the "Loan") had a maturity date of February 1, 2036. *Id*., pg. 3. The Deed of Trust was subsequently assigned to Deutsche Bank via an assignment recorded on August 7, 2006. RJN, Ex. 2.

On December 10, 2010, Plaintiff filed a Chapter 7 bankruptcy petition, case no. 10-50138-PBS, and obtained a bankruptcy discharge on March 23, 2011. (ECF #1, ¶ 2.3; *see also* ¶ 2.14.). Additionally, the bankruptcy court granted relief from the bankruptcy stay to Deutsche Bank on May 9, 2011. *Id.*, ¶ 2.16. Plaintiff has made no payments on the Loan since the date of her bankruptcy filing. *Id.*, ¶ 2.17.

Plaintiff commenced this action on May 6, 2024. *Id*. The Complaint sought to quiet title as to the Deed of Trust pursuant to RCW 7.28.300 on the sole basis that the bankrutpcy discharge triggered the acceleration of the underlying debt, resulting in the loan becoming barred by the statute of limitations in 2017. *Id.*, ¶ 2.23.

On August 16, 2024, Defendants filed their Motion to Dimsiss Complaint with Prejudice. (ECF #12). Plaintiff filed her response brief on September 1, 2024. (ECF #17). On September 3, 2024, Plainitff filed her First Amended Response to the Motion to Dismiss. (ECF #20). Defendants filed their Reply brief on September 6, 2024. (ECF #22).

On November 1, 2024, the Court entered its order granting Defendants' Motion to Dismiss. (ECF #46). As to Defendants' Motion to Dismiss, this Court determined "Plaintiffs' interpretation of the bankruptcy code is simply too broad. Chapter 7 discharges of only *in personam*, not *in rem*, liability. Thus Plaintiffs' Supremacy Clause argument fails." *Id*., pg. 15.

That same day, the Court entered its Judgment, which states that "The issues have been considered and a decision has been rendered." (ECF #47, pg. 1.). The Judgment further states that the case is dismissed with prejudice.

### III.  ISSUES PRESENTED

1. Whether, if Court approval is needed, pursuant to the provisions of the Deed of Trust, Defendants are entitled to an award of attorney's fees and costs it incurred in successfully defending itself against Plaintiff's allegations.

2. Whether Defendants are the "prevailing party" in this case for purposes of determining whether they are entitled to their reasonable attorneys' fees and costs under FRCP 54(d).

### I.  EVIDENCE RELIED UPON

This motion is based on the record of this case, the incorporated memorandum of law, the accompanying Declaration of Spencer Rossini, and all exhibits thereto, and the Request for Judicial Notice that is being filed concurrently with this Motion.

### IV.  AUTHORITY AND ARGUMENT.

**A. Defendants Are Entitled to Recover Their Fees and Costs Pursuant to the Deed of Trust.**

It is well established that "[s]tate law governs the enforceability of attorney's fees in contract provisions." Sec. Mortgage Co. v. Powers, 278 U.S. 149, 154, 49 S. Ct. 84 (1928). The general rule in Washington is that attorney fees will be awarded only when "authorized by contract, statute, or recognized ground of equity." *Durland v. San Juan County*, 182 Wn.2d 55, 76, 340 P.3d 191 (2014) (citing *Clausen v. Icicle Seafoods, Inc.*, 174 Wn.2d 70, 79, 272 P.3d 827 (2012)). "Consistent with that rule, Federal Rule of Civil Procedure 54(d)(2) provides a mechanism for

awarding attorney's fees when authorized by 'statute, rule, or other grounds entitling the movant to the award[.]' Fed. R. Civ. P. 54(d)(2)(B)(ii). The movant bears the burden of establishing its entitlement to an award of fees." *Centro Veterinario y Agricola Limitada v. Aquatic Life Scis., Inc.*, 2024 U.S. Dist. LEXIS 37559, at *3 (W.D. Wash. Mar. 4, 2024).

"RCW 4.84.330 authorizes attorney fees to the prevailing party in an action on a contract containing an attorney fee provision." *4518 S. 256th, LLC v. Karen L. Gibbon, PS*, 195 Wn.App. 423, 446, 382 P.3d 1 (2016). Where the contract specifically contains an attorney fee provision, RCW 4.84.330 allows recovery of attorney fees by whichever contracting party prevails, regardless of whether the contract specifies that party. *Kaintz v. PLG, Inc.*, 147 Wn.App. 782, 786, 197 P.3d 710 (2008).

Pursuant to RCW 4.84.330, an attorney's fee provision must "**specifically provide[] that attorneys' fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded**…." *Nelson v. McGoldrick*, 127 Wn.2d 124, 140, 896 P.2d 1258 (1995); see also, *United Van Lines v. Hertz Penske Truck Leasing, Inc.*, 710 F.Supp. 283, 290 (W.D. Wash. 1989) ("Hertz Penske has not pointed to a specific term of the contract that provides for attorney's fees to the prevailing party. Accordingly, attorney's fees are denied to Hertz Penske."); *Excelsior Mortg. Equity Fund II, LLC v. Schroeder*, 171 Wn.App. 333, 346, 287 P.3d 21 (2012), (the court found that an attorney fee provision existed in a deed of trust because the instrument specified that "In the event suit or action is instituted to enforce or interpret any of the terms of this Trust Deed… the prevailing party **shall be entitled to recover** all expenses reasonably incurred at, before and after trial and on appeal whether or not taxable as costs, including, without limitation, attorney fees.").

//

MOTION FOR ATTORNEYS' FEES AND COSTS- 4

**1. Section 26 of the Deed of Trust Authorizes Fee Award.**

In this instance, the Deed of Trust Plaintiff granted to Defendants contains a provision that enables Defendants to recover their attorney fees. Specifically, Section 26 of the Deed of Trust states:

> **Attorneys' Fees.** Lender shall be entitled to recover its reasonable attorneys' fees and costs in any action or proceeding to construe or enforce any term of this Security Instrument. The term "attorneys' fees," whenever used in this Security Instrument, shall include without limitation attorneys' fees incurred by Lender in any bankruptcy proceeding or on appeal.

RJN, Ex. 1.

In *Russell v. Wadot Capital, Inc.*, No. C22-0531JLR, 2024 U.S. Dist. LEXIS 184819, at **69-70 (W.D. Wash. Oct. 9, 2024), construing a similar language contained in a loan modification agreement, the court instructed the prevailing defendants to file a motion for attorney's fees pursuant to FRCP 54(d)(2). Similarly, in *Moseley v. CitiMortgage Inc.*, 2011 U.S. Dist. LEXIS 142701, at **5-7 (W.D. Wash. Dec. 12, 2011), the court granted prevailing motion for attorney's fees pursuant to the provision 26 of the Deed of Trust, finding that plaintiff's claims directly attacked the Deed of Trust and the loan and that the Deed of Trust was central to the existence of these claims. Likewise, in *Saepoff v. N. Cascade Tr. Servs.*, 2021 U.S. Dist. LEXIS 164048, at **9-15 (W.D. Wash. Aug. 30, 2021), the court granted a FRCP 54(d) motion for attorney's fees based on similar provision of the Deed of Trust.

Here, just as in *Moseley,* construing and/or enforcing the provisions of the Deed of Trust is central to this lawsuit. When Plaintiff granted the Deed of Trust, a security interest in the Property was created. *See Brown v. Dep't of Com.*, 184 Wn.2d 509, 515, 359 P.3d 771 (Wash. App. 2015). Along with the Deed of Trust, she also executed a promissory note in the amount of $194,750.00. Complaint, ¶ 2.1. The promissory note is a separate obligation from the Deed of Trust. *In re Tr.'s Sale of Real Prop. of Burns*, 167 Wn. App. 265, 272, 272 P.3d 908 (2012). Under

1  Washington law, "[t]he holder of the promissory note has the authority to enforce the deed of trust
2  because the deed of trust follows the note by operation of law." *Winters v. Quality Loan Serv.*
3  *Corp. of Wash.*, 11 Wn. App. 2d 628, 643-44, 454 P.3d 896 (2019).

4  Plaintiff's sole claim in her Complaint is to quiet title as to the Deed of Trust encumbering
5  the Property. *See*, Complaint, ¶ 2.23 ("*More than six years have elapsed since debts secured by*
6  *the promissory note(s) and DOTS were discharged through Plaintiff's bankruptcy case and the*
7  *right to foreclose on the Property commenced.*"). According to Plaintiff, the result of her
8  bankruptcy case triggered the running of the applicable statute of limitations for Defendants to
9  enforce the terms of the promissory note and Deed of Trust. *Id*. However, the Division One Court
10 of Appeals decisively held, which the Supreme Court later affirmed, that while a bankruptcy
11 discharges the obligation under a promissory note, the obligation under the Deed of Trust remains.
12 *Copper Creek (Marysville) Homeowners Ass'n v. Kurtz*, 21 Wn. App. 2d 605, 617-625 (Ct. App.
13 Apr. 11, 2022); *aff'd Copper Creek (Marysville) Homeowners Ass'n v. Kurtz*, 1 Wn.3d 711, 532 P.3d
14 601 (2023). As such, the enforceability of the provisions of the Deed of Trust is central to Plaintiff's
15 quiet title claim, and as the Supreme Court held in *Copper Creek*, it is absolutely still enforceable
16 in this scenario.

17 Accordingly, Defendants are clearly entitled to be reimbursed for the attorneys' fees they
18 incurred in this prolonged lawsuit. Section 26 states Defendants may recover attorneys' fees and
19 costs to *any action or proceeding to construe or enforce any term* of the Deed of Trust. *Id*.
20 [emphasis added]. Therefore, analyzing the relevant provisions in the Deed of Trust is necessary
21 to determine whether Defendants may recover these fees from the grantor/borrower (Plaintiff). As
22 explained in detail below, Washington law as applied to Section 26 indicates that the answer to
23 this question is in the affirmative.

24 **2. Sections 9 and 14 of the Deed of Trust also Entitle Defendants to be Reimbursed
25 their Attorneys' Fees from Plaintiff.**

In addition, sections 9 and 14 of the Deed of Trust authorize Defendants to recover their attorney's fees. (RJN, Ex. 1); *see also*, *Saepoff, supra*, 2021 U.S. Dist. LEXIS 164048, at **11-12.

However, because section 9 states that the attorney's fees "shall become additional debt of the Borrower secured by Security Instrument", the question arises whether a motion is still required or if the fees can simply be added to the loan balance. Out of abundance of caution Defendants request that the Court make a determination whether these fees should be added to the outstanding balance of the loan. *See, e.g. Collier v. Wilmington Sav. Fund Soc'y,* 2023 U.S. Dist. LEXIS 115784, at *8 (D. Or. July 6, 2023) (supplemental judgment for fees vacated pursuant to stipulation of the parties at *Collier v. Wilmington Sav. Fund Soc'y, FSB*, 2024 U.S. Dist. LEXIS 190281, at *1 (D. Or. Jan. 26, 2024)).[1] Further, although not directly on point, in *Lucero v. Cenlar FSB,* the Western District of Washington noted that "paragraph 9 gives the lender the ability to react ***quickly and without judicial process*** to deal with more immediate, extraneous threats to its underlying

---

[1] Interpreting the same provision of deeds of trust, federal courts within the Ninth Circuit hold that these provisions do not authorize *a separate fee award* and instead only permit the lender to add its attorney's fees to the outstanding balance due under the promissory note. See e.g., *Eisenberg v. Citibank, N.A.* 2017 U.S.Dist. Lexis 169182, at *11 (C.D. Cal., Oct. 11, 2017) (concluding that an identical § 9 in a deed of trust "authorize[d] attorneys' fees to be added to the borrower's outstanding debt" and an identical § 14 permitted the lender to add attorney fees incurred to the outstanding amount owed, not to render the borrower personally liable for the amounts); *Dufour v. Allen*, 2017 U.S.Dist. Lexis 61229, at *15 (C.D. Cal., Apr. 20, 2017) (plain terms of identical section 9 of trust deed did not entitle party to obtain attorney fees through a motion for attorney fees); *Barba v. Flagstar Bank FSB*, 2011 U.S.Dist. Lexis 163110, at *4 (C.D. Cal., Sept. 19, 2011) (denying motion for attorney fees where the "language provides for attorney fees, [but] it specifically provides for them to accrue as part of the debt instrument itself"); *Greene v. United States Bank, N.A. As Legal Title Tr. For Truman 2016 SC6 Title Tr.,* 2020 U.S. Dist. LEXIS 268070, at *5-6 (N.D. Cal. Aug. 17, 2020) (finding that, under similar provisions of a deed of trust, "a separate attorney's fees award is not appropriate under this Deed and Note. However, the fees and costs may be added to the outstanding balance Greene owes on the instruments as the result of his default."); *Gilliam v. Levine*, 2022 U.S. Dist. LEXIS 25209, at *7 (C.D. Cal. Jan. 25, 2022) (Section 9 of deed of trust does not provide for an award of attorney's fees); *Valencia v. Carrington Mortg. Servs., LLC*, 2013 U.S.Dist. Lexis 88886, *27 (D. Haw. June 25, 2013) (deed of trust did not provide an independent basis for an award of attorney fees where it stated amounts disbursed in protecting rights under the mortgage "'shall become additional debt of Borrower secured by this Security Instrument.'"); *Gosha v. Bank of N.Y. Mellon Corp.*, 2022 U.S. Dist. LEXIS 234270, at *10-11 (D. Or. Dec. 28, 2022) (acknowledging that Section 9 of deed of trust did not authorize a separate award of attorney's fees).

MOTION FOR ATTORNEYS' FEES AND COSTS- 7

security interest and rights." 2016 U.S. Dist. LEXIS 10430, at *18 (W.D. Wash. Jan. 28, 2016). Nonetheless, the court found that the lawsuit did not fall within the provisions of Section 9 because it did not threaten the lender's security interest or its rights under the DOT but was merely an action seeking to compel the lender to comply with the terms and condition of the DOT. *Id.* at *18-19.

**B. Defendants Are the Prevailing Parties.**

"'[A] 'prevailing party' is one who has been awarded some relief by the court.'" *Mills v. Zeichner*, 2024 U.S. Dist. LEXIS 53018, at *2 (W.D. Wash. Mar. 25, 2024) (citation omitted). "The Ninth Circuit has consistently held that 'a party in whose favor judgment is rendered is generally the prevailing party for purposes of awarding costs under Rule 54(d).'" *Criscuolo v. Grant Cty.*, 2014 U.S. Dist. LEXIS 51425, at *4 (E.D. Wash. Apr. 14, 2014)(citation omitted); see also, *R.D. v. Lake Wash. Sch. Dist.*, 2020 U.S. Dist. LEXIS 128583, at *2 (W.D. Wash. July 21, 2020).

Here, the Court dismissed Plaintiff's claims on Defendants' FRCP 12(b)(6) Motion to Dismiss, resulting in a judgment in Defendants' favor. (ECF ## 46 and 47.) Therefore, Defendants are indisputably the prevailing parties in this action.

**C. Defendants' Fees are Reasonable.**

The Court calculates attorney's fees awards using the "lodestar method". *Hotel Roslyn, LLC v. Amguard Ins. Co.*, 2024 U.S. Dist. LEXIS 94609, at *2-3 (W.D. Wash. May 28, 2024) (internal citation omitted). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* at *3.

"The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). "Parties seeking attorney's fees must provide 'reasonable documentation of the work performed' in order to allow the court to assess whether

MOTION FOR ATTORNEYS' FEES AND COSTS- 8

the number of hours expended was reasonable. … The 'documentation need not be exhaustive or in minute detail, but must inform the court, in addition to the number of hours worked, of the type of work performed and the category of attorney who performed the work[.]'" *Covington v. Wise*, 2024 U.S. Dist. LEXIS 130900, at *8 (W.D. Wash. July 24, 2024) (internal citations omitted).

1. **Hours Spent by WFZ's Attorneys Were Reasonable.**

Here, from the date that Plaintiff filed her Complaint, Defendants' counsel spent the total of 83.8 hours of attorney time. *See* Declaration of Spencer Rossini, Ex. A. For the Court's convenience, the hours have been separated for the work performed by each attorney working on the case in the table below:

| Attorney's Name: | Number of Hours: |
|---|---|
| Spencer Rossini | 74.6[2] |
| Joseph T. McCormick | 8.2 |
| Lukasz I. Wozniak | .3 |
| Gwen H. Ribar | .4 |
| Todd E. Chvat | .3 |

The details of the work performed by counsel is explained in WFZ's invoices that are attached to the Declaration of Spencer Rossini as Exhibit A. As detailed in these invoices, during that time, WFZ communicated with Plaintiff's counsel and their clients; prepared; researched the merits of Plaintiff's theory that there was a conflict of federal and state law related to this case; prepared a Motion to Dismiss and reply to Plaintiff's Complaint; as well as prepared a Motion for Sanctions and a reply to Plaintiff's opposition. Given the scope of the work involved, the amount of hours spent by WFZ's attorneys is reasonable.[3]

2. **WFZ's Hourly Rates Were Reasonable.**

---

[2] Spencer Rossini spent an additional 6.1 hours since November 13, 2024, revising and finalizing Defendants' Motion for an Award of Attorneys' Fees and Costs that accrued after the invoices attached to the supporting declaration were finalized. *See* Rossini Dec., ¶ 7.

[3] During that time, as evidenced by WFZ's invoices, Defendants also spent $288.35 in costs.

MOTION FOR ATTORNEYS' FEES AND COSTS- 9

"The reasonable hourly rate is based on prevailing market rates for the lawyer's services… To determine the prevailing rate, courts consider '[t]he rates of comparable attorneys in the forum district,' the experience, skill, and reputation of the lawyer requesting fees, and the court's own knowledge of and familiarity with the legal market. ... Courts may also consider an attorney's established rates for billing clients, which is not conclusive." *Covington, supra*, 2024 U.S. Dist. LEXIS 130900, at **5-6 (internal citations omitted).

A summary of the attorneys that worked on this matter and their rates are as follows:

- Spencer Rossini's hourly rate was $300.00 per hour. Mr. Rossini was admitted to practice law in the State of Oregon in October, 2019 and has over 5 years of experience. He was admitted to practice law in the State of Washington in March, 2021.
- Joseph T. McCormick's hourly rate was $395.00 per hour. Mr. McCormick was admitted to practice law in the State of Florida in October 2010 and has over 14 years of experience. He was admitted to practice law in the State of Washington in March, 2015.
- Lukasz I. Wozniak's hourly rate was $395.00 per hour. Mr. Wozniak was admitted to practice law in the State of California in December 2006 and has over 18 years of experience. He was admitted to practice law in the State of Washington in April, 2014.
- Gwen H. Ribar's hourly rate was $395.00 per hour. Ms. Ribar was admitted to practice law in the State of California in 1997 and has over 27 years of experience.
- Todd E. Chvat's hourly rate was $345.00 per hour. Mr. Chvat was admitted to practice law in the State of California in 2005 and has over 19 years of experience.

These hourly rates or the attorneys listed above are <u>lower</u> than the rates of attorneys with similar experience in the Seattle market. *See, Covington, supra*, 2024 U.S. Dist. LEXIS 130900,

MOTION FOR ATTORNEYS' FEES AND COSTS- 10

at ** 4 and 7 (approving hourly rates of $485 for the lead attorney and $350, $295, and $275 for associate attorneys and citing to *Saunders v. Schweinhaus, Inc.,* 2022 U.S. Dist. LEXIS 228814, at *5 (W.D. Wash. Dec. 20, 2022) (finding reasonable a $450 hourly rate for a firm's owner and managing partner, a $350 hourly rate for an attorney with five years of employment law experience, and $250 hourly rate for a new associate attorney); *Gamble v. State Farm Mut. Auto. Ins. Co.*, 2022 U.S. Dist. LEXIS 4828, 2022 WL 92985, at *6 (W.D. Wash. Jan. 10, 2022) (approving hourly rates of $475 and $300)). Therefore, the Court should approve the rates of $395.00 per hour for Mr. McCormick, Ms. Ribar, and Mr. Wozniak; $345.00 per hour for Mr. Chvat; and $300 per hour for Mr. Rossini, as detailed below:

| Attorney's Name: | Number of Hours: | Hourly Rate: | Total: |
|---|---|---|---|
| Spencer Rossini | 80.7[4] | $300/hr | $24,210.00 |
| Joseph T. McCormick | 8.2 | $395/hr | $3,239.00 |
| Lukasz I. Wozniak | .3 | $395/hr | $118.50 |
| Gwen H. Ribar | .4 | $395/hr | $158.00 |
| Todd E. Chvat | .3 | $345/hr | $103.50 |

**TOTAL: $27,829.00**

## V. CONCLUSION

From the date that Plaintiff filed her Complaint to the date that this Motion was submitted to the Court for review, Defendants have incurred $27,829.00 in fees and $288.35 in costs from this litigation. This amount is reasonable based on the scope of work performed in this case.

---

[4] Reflecting the 74.6 hours shown in the provided invoices as well as the 6.1 additional hours accrued since November 13, 2024, as stated in the supporting declaration at ¶ 7.

MOTION FOR ATTORNEYS' FEES AND COSTS- 11

Accordingly, Defendants respectfully request that the Court award that amount to Defendants as its reasonable attorney's fees.

DATED November 15, 2024.

**Wright, Finlay, & Zak, LLP**

By: */s/ Spencer Rossini*
Spencer Rossini, WSBA# 57716
Attorney for Deutsche Bank and PHH MC

I certify that this memorandum contains 4,023 words, in compliance with the Local Civil Rules.

**Wright, Finlay, & Zak, LLP**

By: */s/ Spencer Rossini*
Spencer Rossini, WSBA# 57716
Attorney for Deutsche Bank and PHH MC

CERTIFICATE OF SERVICE

I, Shannon M. Adiska, declare under penalty of perjury under the laws of the State of Washington that the following is true and correct: I am employed with the law firm of Wright, Finlay and Zak, LLP, I am a resident of the State of Washington, over the age of 18 years old, not a party to this action, and am competent to be a witness herein.

I hereby certify that on the date stated below, I caused to be served a copy of the Motion to Dismiss to following parties and/or attorneys who have filed notices of appearance in this matter via electronic service:

> F. Hunter MacDonald
> Fife Law, P.S.
> 1101 9th Ave. Unit B
> Milton, WA 98354
> fifelaw1@outlook.com
> *Attorney for Plaintiff*

Dated November 15, 2024. Signed in Seattle, WA.

> */s/ Shannon M. Adiska*
> Shannon M. Adiska
> Wright Finlay & Zak LLP