1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

10

11

12

13

| | |
|---|---|
| JAN ROE,<br><br>                     Plaintiff,<br><br>     v.<br><br>DEUSTCHE BANK NATIONAL TRUST<br>CO. NA et al.,<br><br>                    Defendants. | Case No. 3:24-cv-05338<br><br>ORDER GRANTING IN PART AND<br>DENYING IN PART DEFENDANTS'<br>MOTION FOR ATTORNEYS FEES |

14

15

16

17

18

19

20

21

22

23

24

## I.    INTRODUCTION AND BACKGROUND

On November 1, 2024, the Court granted Defendants' motion to dismiss against Plaintiff Jan Roe. *See* Dkt. 46. Plaintiff alleged that Washington law had started the clock on the statute of limitations for a Deed of Trust held by Defendants on Plaintiff's property. *Id.* at 1–2. Plaintiff claimed that the statute of limitations had run, and she was entitled to quiet title. *Id.* at 1. The Court, following two Washington State Supreme Court decisions, disagreed. *Id.* at 2. Thus, it dismissed the case and entered judgment against Plaintiff. *Id.* at 21; Dkt. 47.

In the same order, the Court denied Defendants' motion for sanctions against Plaintiff. Dkt. 46. Defendants argued that Plaintiff should have known that her claim had little merit when she filed it in federal court. *See* Dkt. 33 at 2, 18. But Defendants failed to comply with the

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR ATTORNEYS FEES - 1

procedural requirements for sanctions and offered little evidence in support of their claims. Dkt. 46 at 2, 17. Accordingly, the Court denied their motion.

On November 15, 2024, Defendants moved for attorney's fees. Dkt. 48. Defendants claim that they are entitled to an award for attorney's fees and costs under both Washington state statute (RCW 4.84.330) and a provision of the Deed of Trust for their work on the motion to dismiss and the motion for sanctions. *Id.* at 1. The Court finds that Defendants are entitled to recover fees for the successful motion to dismiss, but it would be unreasonable to grant Defendants' request for fees for the motion for sanctions. Thus, the Court GRANTS in part and DENIES in part Defendants' motion.

## II.    LEGAL STANDARD

According to Rule 54(d)(2)(A): "A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). The motion must be filed no later than 14 days after entry of the judgment, detail the judgment and the grounds entitling the award, state the amount sought or provide a fair estimate of the amount, and, if ordered, disclose the terms of the agreement for fees. Fed. R. Civ. P. 54(d)(2)(B).

"District courts must calculate awards for attorneys' fees using the 'lodestar' method." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (quotation marks and citation omitted). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* The lodestar figure is "presumptively a reasonable fee award," but "the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Id.*; *see Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (enumerating 12 factors to consider), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

District courts do not apply the *Kerr* factors in every case. "[T]here is a 'strong presumption' that the lodestar figure is reasonable," *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010), and the *Kerr* factors "are largely subsumed within the initial calculation of reasonable hours expended at a reasonable hourly rate, rather than the subsequent determination of whether to adjust the fee upward or downward," *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1212 (9th Cir. 1986); *see also Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006) ("We have previously said that only in rare circumstances should a court adjust the lodestar figure, as this figure is the presumptively accurate measure of reasonable fees.").

Under Federal Rule of Civil Procedure 54(d)(2)(C), when ruling on a motion for attorney's fees, the Court "must find the facts and state its conclusions of law as provided in Rule 52(a)," meaning "the court must find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a)(1), 54(d)(2)(C).

### III.    DISCUSSION

**A.    Defendants may recover fees and costs under the Deed of Trust.**

Before making its findings of fact and law on the reasonableness of the fees sought, the Court must address several legal issues raised in the briefing. "[P]arties are ordinarily required to bear their own attorney's fees—the prevailing party is not entitled to collect from the loser." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 602–04 (2001) (citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975)). Under this rule, courts follow "a general practice of not awarding fees to a prevailing party absent explicit statutory authority." *Id.* (quoting *Key Tronic Corp. v. United States*, 511 U.S. 809, 819 (1994)). The movant bears the burden of establishing its entitlement to an award of fees. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

But the burden is on the losing party to overcome the presumption under Rule 54(d)(1) that the prevailing party should be allowed their costs. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 946 (9th Cir. 2003). Though the rule "creates a presumption in favor of awarding costs to a prevailing party," it "vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-Am. Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc).

"State law governs the interpretation of agreements that contain fee provisions, and thus the entitlement to fees based thereon." *EHM Prods., Inc. v. Starline Tours of Hollywood, Inc.*, No. 2:18-CV-00369-AB-JCX, 2024 WL 1135685, at *1 (C.D. Cal. Feb. 12, 2024) (citing *Security Mortgage Co v. Powers*, 278 U.S. 149, 154 (1928) ("The construction of the contract for attorney's fees presents, likewise, a question of local law.")). "The general rule in Washington is that attorney fees will not be awarded for costs of litigation unless authorized by contract, statute, or recognized ground of equity." *Durland v. San Juan Cnty.*, 182 Wn. 2d 55, 76, 340 P.3d 191 (2014) (citation omitted); *see also Centro Veterinario y Agricola Limitada v. Aquatic Life Scis., Inc.*, No. 2:23-CV-00693-LK, 2024 WL 915911, at *2 (W.D. Wash. Mar. 4, 2024) (similar). RCW 4.84.330 authorizes attorney's fees to the prevailing party in an action regarding a contract containing an attorney fee provision. *4518 S. 256th, LLC v. Karen L. Gibbon, P.S.*, 195 Wn. App. 423, 446, 382 P.3d 1 (2016). The statute may apply if "the contract containing the attorney fee provision is central to the controversy." *Id.* (quoting *Hemenway v. Miller*, 116 Wn.2d 725, 742, 807 P.2d 863 (1991)).

The complaint in the now-closed matter requested that this Court quiet title on the underlying Deed of Trust. *See* Dkt. 34-2 at 8–9; Dkt. 34-1. If Plaintiff had prevailed, Defendants' interest in the property would have been terminated. Thus, the "lawsuit challenged the underlying validity of the obligation" and Defendants' defense "was undertaken to protect its rights in the property." *Moseley v. CitiMortgage Inc.*, No. C11-5349RJB, 2011 WL 6151414, at

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR ATTORNEYS FEES - 4

*3 (W.D. Wash. Dec. 12, 2011), aff'd, 564 F. App'x 300 (9th Cir. 2014) (citations omitted). The claims are thus "on the contract" for purposes of the attorney fee provision in the Deed of Trust, and Defendants may be awarded attorney's fees for defending these claims. *Id.* (citing *Deep Water Brewing, LLC v. Fairway Resources Ltd.*, 152 Wn.App. 229, 278, 215 P.3d 990 (2009)).

Still, Plaintiff argues that a "debtor/borrower, (having been discharged as to all obligations under the note which the deed of trust enforces)," cannot "still [be] held to any attorneys' fee provisions provided by the deed of trust or note." Dkt. 51 at 6. Plaintiff thus "re-raises the arguments she raised in her response to Deutsche Bank's FRCP 12(b)(6) motion . . . and now makes them concerning whether there is any right to attorney's fees left in the original deed of trust[.]" *Id.* (cleaned up).

Not only is this incorrect, but it is also an inappropriate argument to raise at this juncture. An attorney fee motion is not an "appropriate vehicle" to relitigate already decided matters. *Mayorga v. Ronaldo*, 656 F. Supp. 3d 1218, 1226 (D. Nev. 2023), appeal dismissed, No. 23-15359, 2024 WL 4117282 (9th Cir. May 17, 2024) (explaining that motion for attorneys' fees was not the "appropriate vehicle for reconsideration of [the judge's] prior order"); *see also Meola v. JKJ Investments Inc.*, No. SACV 04-00960-MLG, 2011 WL 1638163, at *2 (C.D. Cal. Apr. 28, 2011) ("Defendant claims that the underlying action was meritless and fraudulent, and therefore, Plaintiff is not entitled to any attorney's fees or costs. This argument is rejected because Defendant cannot now relitigate the merits of the underlying default judgment in its opposition to this motion for attorney's fees and costs."); *Boulter v. Hartford Fire Ins. Co.*, 321 F. Supp. 3d 1199, 1205 (D. Mont. 2018) ("Boulter does not need to relitigate liability for attorney fees.").

It is true that a bankruptcy discharge "releases the debtor from personal liability for her pre-bankruptcy debts." *In re Ybarra*, 424 F.3d 1018, 1022 (9th Cir. 2005) (citations omitted). But

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR ATTORNEYS FEES - 5

that does not mean attorney fee provisions may not be enforced. *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 448–49 (2007). In a case governed by the Bankruptcy Act of 1898, the Supreme Court found that "[t]he character of [a contractual] obligation to pay attorney's fees presents no obstacle to enforcing it in bankruptcy, either as a provable claim or by way of a lien upon specific property." *Id.* at 448 (quoting *Security Mortgage Co.*, at 154). More recently, the Supreme Court concluded that "under the terms of the current Bankruptcy Code, it remains true that an otherwise enforceable contract allocating attorney's fees (*i.e.*, one that is enforceable under substantive, nonbankruptcy law) is allowable in bankruptcy except where the Bankruptcy Code provides otherwise." *Id.* (citations omitted).

Section 727 of the Bankruptcy Code "discharges the debtor from all debts that arose before the date of the order for relief." *Ybarra*, 424 F.3d at 1022 (quoting 11 U.S.C. § 727(b)). The Bankruptcy Code defines "debt" as "liability on a claim." *Id.* (quoting 11 U.S.C. § 101(12)). Courts have since held that "[A] claim arises, for purposes of discharge in bankruptcy, at the time of the events giving rise to the claim." *Id.* at 1022–23 (quoting *O'Loghlin v. Cnty. of Orange*, 229 F.3d 871, 874 (9th Cir. 2000)). A claim that arises pre-bankruptcy is discharged in the proceedings, but if the party "return[s] to the fray" they may be subject to new liability on a claim. *Id.* at 1024 (citing *Siegel v. Fed. Home Loan Mortg. Corp.*, 143 F.3d 525, 533 (9th Cir. 1998)). This is the case even if the litigation relates to a contract otherwise discharged in the bankruptcy. *Id.* (discussing *Siegel*, 143 F.3d at 532–33). As the Ninth Circuit has explained, a party's "decision to pursue a whole new course of litigation" may make the party "subject to the strictures of the attorneys fee provision." *Id.* at 1023 (quoting *Siegel*, 143 F.3d at 534). In other words, while bankruptcy may protect a party from the result of that party's past acts, "including attorney's fees associated with those acts," it does not give the party "carte blanche to go out and commence new litigation about the contract without consequences." *Id.* at 1024 (quoting *Siegel*,

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR ATTORNEYS FEES - 6

143 F.3d at 534 ("In sum, we have held that post-petition attorney fee awards are not discharged where post-petition, the debtor voluntarily 'pursue[d] a whole new course of litigation,' commenced litigation, or 'return[ed] to the fray' voluntarily. . . . We have also endorsed the notion that by voluntarily continuing to pursue litigation post-petition that had been initiated pre-petition, a debtor may be held personally liable for attorney fees and costs that result from that litigation.") (cleaned up)).

The Court thus finds that the Defendants may bring this motion for attorney's fees, and Plaintiff may be required to pay them if otherwise reasonable.

**B.      Reasonableness of Requested Fee**

Next, Plaintiff challenges the reasonableness of the requested fee. Dkt. 51 at 9. Specifically, Plaintiff argues that the fees "are not awardable because many of those fees/hours are for Deutsche Bank motions which were not granted or for work that was not reasonably necessary to defend against Plaintiff Roe's claims." *Id.*

A district court may, in its discretion, make deductions if it finds that it would be unreasonable to grant the full requested award based on "the limited success" achieved in the litigation. *Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir. 2001) (citing *Hensley*, 461 U.S. at 436–37). The Supreme Court has created a two-step process for analyzing a deduction for "limited success." *Id.* (citing *Hensley*, 461 U.S. at 434). The first step considers whether "the plaintiff fail[ed] to prevail on claims that were unrelated to the claims on which he succeeded." *Id.* (citing *Hensley*, 461 U.S. at 434). Claims are "unrelated" if they are "entirely distinct and separate" from the claims on which the party prevailed. *Id.* (citing *Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1499 (1995)). The second step assesses whether "the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Id.* (quoting *Hensley*, 461 U.S. at 434). Here, the district court "should focus on the

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR ATTORNEYS FEES - 7

significance of the overall relief obtained by the [party] in relation to the hours reasonably expended on the litigation." *Id.* (quoting *Hensley*, 461 U.S. at 435).

The Court finds that it would be unreasonable to award Defendants fees for their unsuccessful sanctions motion. *See, e.g.*, *Elf-Man, LLC v. Lamberson*, No. 13-CV-0395-TOR, 2015 WL 11112498, at *5 (E.D. Wash. Jan. 9, 2015) (citing *Sorenson*, 239 F.3d at 1147). "Although a prevailing party need not prevail on each matter in order to be entitled to full fees, . . . this is not such a case." *Id.* (citing *Hensley*, 461 U.S. at 435). The claims are certainly related. Defendants' motion for sanctions was filed in response to Plaintiff's complaint. *See generally* Dkt. 33. But Defendants' motion for sanctions was unsuccessful because Defendants failed to comply with the procedural requirements of Rule 11 and offered no evidence of Plaintiff's bad faith for sanctions under 28 U.S.C. § 1927 and Local Rule 11(c)(3). Dkt. 46 at 16–21. Thus, as laid out further below, the Court finds that time spent researching and briefing the unsuccessful motion for sanctions should be excluded.

## IV.    FINDINGS OF FACT

To calculate the lodestar amount, the Court relies on the following findings of fact.

1. Though Plaintiff challenges the reasonableness of Defendants' fee rates, based on both geography and experience, Dkt. 51 at 8, the Court finds that the rates are reasonable.

2. Defendants' counsel seeks the following fees for its work on both the motion to dismiss and the motion for sanctions:

| Timekeeper | Hours Billed for 12(b)(6) Motion | Fee |
|---|---|---|
| Spencer Rossini | 80.7 | $24,210.00 |
| Joseph T. McCormick | 8.2 | $3,239.00 |

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR ATTORNEYS FEES - 8

| | | |
|---|---|---|
| Lukasz I. Wozniak | .3 | $118.50 |
| Gwen H. Ribar | .4 | $158.00 |
| Todd E. Chvat | .3 | $103.50 |
| **Total Fee** | | **$27,829.00** |

Dkt. 48 at 11.

3.    Plaintiff disputes that Defendants should receive awards for its successful motion to dismiss. Dkt. 51 at 6. As laid out above, the Court finds that Defendants can and should be awarded those fees. *See* Section III.A.

4.    Though Defendants request fees for their motion for sanctions, the Court finds that such fees would be unreasonable, given both that the motion failed and that Defendants failed to comply with the procedural and evidentiary requirements necessary for the motion. The entries listed in the table below must be removed from the hours reasonably expended:

| Timekeeper | Date | Description of Entry | Hours Sought | Fees Sought |
|---|---|---|---|---|
| Spencer Rossini | 6/24/24 | Begin outlining arguments in motion for sanctions | 0.90 | $270.00 |
| | 6/24/24 | Research related to federal authorities governing monetary sanctions for bad faith litigation | 0.90 | $270.00 |
| | 6/25/24 | Begin drafting motion for sanctions, preparing introduction and factual background sections | 2.40 | $720.00 |
| | 6/25/24 | Continue drafting motion for sanctions, adding argument sections pertaining to Plaintiff's failure to acknowledge Washington case law | 0.90 | $270.00 |
| | 6/26/24 | Continue drafting motion for sanctions, preparing | 0.80 | $240.00 |

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR ATTORNEYS FEES - 9

| | | | | |
|---|---|---|---|---|
| | | arguments that court may impose sanctions under statute as well as through inherent powers. | | |
| | 6/27/24 | Continue drafting arguments that court may sanction plaintiff under its inherent authority as well as argument describing plaintiff's counsel's bad faith conduct | 1.20 | $360.00 |
| | 6/28/24 | Research Washington district court cases dealing with sanctions for initiating frivolous lawsuits | 0.80 | $240.00 |
| | 6/28/24 | Continue drafting motion for sanctions, adding to factual background and argument sections connecting plaintiff's counsel's conduct to sanctionable offenses | 2.40 | $720.00 |
| | 6/29/24 | Draft declaration in support of motion for sanctions | 2.10 | $630.00 |
| | 6/30/24 | Continue drafting motion for sanctions, adding to argument connecting plaintiff's counsel's actions to court's bad faith requirement | 1.20 | $360.00 |
| | 7/8/24 | Continue drafting motion for sanctions, preparing arguments on why FRCP 11 allows for imposing sanctions as well as adding facts surrounding prior case's ruling on motions for fees | 2.90 | $870.00 |
| | 7/8/24 | Revise and continue drafting motion for sanctions | 0.80 | $316.00 |
| | 7/10/24 | Review and finalize motion for sanctions | 1.40 | $420.00 |
| | 7/10/24 | Review and finalize declaration in support of | 1.20 | $360.00 |

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR ATTORNEYS FEES - 10

| | | | | |
|---|---|---|---|---|
| | | motion for sanctions and accompanying exhibits | | |
| | 8/16/24 | Revise motion for sanctions and supporting declaration to exclude reference to state court's pending entry of order on motion for fees | 0.30 | $90.00 |
| | 9/9/24 | Draft supplemental memorandum in support of motion for sanctions | 0.60 | $180.00 |
| | 9/9/24 | Draft declaration in support of supplemental memorandum | 0.30 | $90.00 |
| | 10/10/24 | Correspondence with opposing counsel and court confirming parties must exchange briefing on motion for sanctions | 0.20 | $60.00 |
| | 10/14/24 | Review plaintiff's opposition to motion for sanctions | 0.80 | $240.00 |
| | 10/15/24 | Draft reply to opposition to motion for sanctions | 5.60 | $1,680.00 |
| | 10/16/24 | Continue drafting reply brief, adding to arguments on factors for imposing sanctions present | 0.50 | $150.00 |
| | 10/16/24 | Review plaintiff's supplemental declaration in support of response to motion for sanctions | 0.10 | $30.00 |
| | 10/18/24 | Correspondence with court and opposing counsel regarding plaintiff's deadline to have submitted opposition to motion for sanctions | 0.60 | $180.00 |
| | 10/18/24 | Review court order allowing plaintiff to file surreply to motion for sanctions | 0.10 | $30.00 |
| | 10/21/24 | Review plaintiff's surreply to motion for sanctions and supporting declaration | 0.60 | $180.00 |

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR ATTORNEYS FEES - 11

| | 11/1/24 | Review and analyze court's order granting motion to dismiss and denying motion for sanctions | 0.50 | $150.00 |
|---|---|---|---|---|
| | 11/4/24 | Assess merits of proceeding with motion to reconsider motion for sanctions and motion for fees as prevailing party | 0.20 | $60.00 |
| | | | | |
| Joseph T. McCormick | 7/9/24 | Draft additional proposed revisions to motion for sanctions | 0.30 | $118.50 |
| | 10/16/24 | Review and propose revisions to Objection and Reply to untimely Response to Motion for Sanctions | 0.80 | $316.00 |
| **Total Fee Reductions** | | | | **$9,600.50** |

Dkt. 49.

5.    Apart from the above reductions, the hours otherwise sought in Defendants' fee

petition were reasonably expended.

6.    The Court's reductions in fees sought by Defendants total $9,600.50.

The fees sought minus the Court's reductions total $18,228.50.

## V.    FINDINGS OF LAW

1.    Federal Rule of Civil Procedure 54(d)(2) provides that "[a] claim for attorney's

fees and related nontaxable expenses must be made by motion unless the

substantive law requires those fees to be proved at trial as an element of

damages." Fed. R. Civ. Proc. 54 (d)(2). The motion must be made within fourteen

days after the entry of judgment. *Id.*

2.  Defendants may, in reliance on Section 9 of the Deed of Trust, add the attorney's fees and costs to the Deed of Trust amount. *See United States v. Jefferson*, No. C19-0211-JCC, 2021 WL 4709898, at *2–3 (W.D. Wash. Oct. 8, 2021).

3.  The Court approves reasonable hourly rates of $300 per hour for associate Spencer Rossini; $395 per hour for senior associate Joseph T. McCormick III; $395 per hour for partner Gwen H. Ribar; $395 per hour for partner Lukasz I. Wozniak; and $345 per hour for senior associate Todd E. Chvat. Dkt. 49 at 2–3.

4.  Defendants are entitled to their reasonable attorney's fees in preparing this fee petition. *See Anderson v. Dir., Office of Workers Comp. Programs*, 91 F.3d 1332, 1325 (9th Cir. 1996); *TVI, Inc. v. Harmony Enterprises, Inc.*, No. C18-1461-JCC, 2019 WL 5213247, at *1 (W.D. Wash. Oct. 16, 2019).

5.  The requested amount is reasonable as to the motion to dismiss, but not the motion for sanctions. It is reduced by the amount requested for time spent on the motion for sanctions: $9,600.50. The fees sought minus the Court's reductions total $18,228.50. The lodestar amount of attorney's fees is $18,228.50.

6.  The Court awards Defendants $18,228.50 in attorney's fees.

7.  The Court awards Defendants $288.35 in reasonable costs ($189.35 for the Title Report and $99.00 for the Superior Court transcript). Dkt. 49 at 3–4.

**VI.    CONCLUSION**

Dated this 4th day of February, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR ATTORNEYS FEES - 13